Costas, Plaintiff and Appellant, v. Noriega, Defendant and Appellee.

Appeal from the District Court of Arecibo in an Action for Annulment of Foreclosure.

No. 3147.—Decided April 28, 1924.

Purchase and Sale—Mortgage—Extension—Revendication—Waiver.—A mortgage having been created to secure the deferred instalments of the purchase price of a property, if the purchaser subsequently extends the mortgage lien, the fact that he may have been sued in revendication does not authorize him to withhold payment of the part of the price due. The extension of the mortgage is a waiver of the right conferred by section 1045 of the Civil Code.

The facts are stated in the opinion.

*Mr. R. Muñoz Ramos* for the appellant.

*Mr. A. Lens Cuena* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an appeal from a judgment dismissing the complaint for the reason that it did not set up facts sufficient to constitute a cause of action.

The pertinent part of the opinion of the trial court, in which the findings and conclusions on which the judgment is based are set forth, reads as follows:

"The plaintiff purchased the property in suit from Pedro Schuck Grau in 1917 and mortgaged it to Schuck for the unpaid part of the purchase price, the property to remain so encumbered until full payment should be made of the debt with interest.

"Thereafter the unpaid part of the said mortgage was assigned by Schuck to Antonio Munera in 1919 and later in the same year by the latter to Cándido Noriega, the defendant, the said part of the mortgage being added to another debt owed by the plaintiff to the defendant.

"Therefore, it may be seen clearly that this is not a case that comes under section 1405 of the Civil Code. In subdivision (*f*) of paragraph 4 of the complaint the plaintiff alleges that in the action of revendication brought against him Pedro Schuck Grau was summoned as warrantor, and this, in my opinion, covers the entire right of defendant Costas in that suit. There exists no legal or actual relation between the said complaint in revendication and the foreclosed mortgage created to secure the part of the purchase price left unpaid by Heraclio Costas in the contract of purchase and sale entered into between Costas as vendee and Pedro Schuck as vendor. Schuck (was) and, by virtue of the different assignments of the said mortgage, Cándido Noriega, the present holder of the morgage (in the amount to which it was reduced), continues to be the plaintiff's mortgagee, and the efficacy of his right to foreclose the mortgage can not be affected by the fact that the mortgagor of Noriega has been sued in revendication.

"The legal means of indemnity or the remedy that the law gives to a vendee who is deprived of the property purchased is the action of eviction, the object of which is to exact the warranty.

"On the other hand, the purchase of the property by Heraclio Costas from Pedro Schuck was his personal act, as was also the mortgage created by him in favor of Schuck to secure payment of the deferred part of the purchase price. These acts are not imputable to the vendor, nor are the acts alleged in subdivision (*e*) of the complaint as embraced in the action brought against Heraclio Costas as the purchaser of that property."

Article 152 of the Mortgage Law reads as follows:

"A mortgage credit may be conveyed or assigned to a third person in whole or in part, provided it be effected by means of a public instrument, notice of which is given to the debtor, and that it be recorded in the registry.

"The debtor shall not be bound by said contract to any further extent than he was by his own.

"The assignee shall be subrogated to all the rights of the assignor."

Section 1405 of the Civil Code reads as follows:

"Sec. 1405.—Should the vendee be disturbed in the possession or ownership of the thing acquired, or should have reasonable grounds to fear being disturbed by an action for recovery or mortgage suit,

he may suspend the payment of the price until the vendor has caused the disturbance or danger to cease, unless he gives security for the restitution of the price, in a proper case; or should it have been stipulated that, notwithstanding any such contingency, the vendee shall be bound to make the payment.''

A part of the mortgage in this case represents the deferred part of the price that the vendee owed to the vendor, and upon assigning the mortgage the vendor did not change the position of the mortgagor, for the assignee was only subrogated to the rights of the assignor.

In this aspect it seems logical that the vendee, in the circumstances of section 1405, *supra,* would have the privilege of suspending payment and petitioning for the annulment of the proceedings brought to foreclose the mortgage for the deferred part of the price. Yet the complaint is so obscure and diffuse in its terms, notwithstanding its great length, that it can not even be interpreted liberally so as to deduce therefrom a clear cause of action.

The plaintiff alleges that in addition to the mortgage which encumbers the property sold as security for the deferred part of the purchase price the vendee created on the property a new mortgage as an amplification of the former and falling due on the same day. This implied a waiver by the vendee of the right conferred upon him by section 1405, *supra,* which was not available to him in this case for suspending payment of the deferred part of the price, and much less for attacking the foreclosure proceedings.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.

### CONCURRING OPINION OF MR. JUSTICE WOLF.

My idea of section 1405 of the Civil Code is that it must be limited to cases where a purchaser who apparently buys

a certain thing finds himself threatened with a privation, reduction or diminution of the thing that is bought. The section has no application to purchases where the purchaser buys a piece of mortgaged property knowing directly or constructively that the property was mortgaged. By "constructively" I mean, of course, a record of the mortgage in the registry. If the purchaser knows or has reason to know that the property is mortgaged, especially where there is no deception by the vendor, the said purchaser has obtained from the vendor the thing he contracted for, in such case, a piece of mortgaged property. The purchaser then is not disturbed in the possession or ownership of the thing acquired. The "thing acquired" is a mortgaged piece of property.

The case is even stronger where a purchaser himself gives a mortgage for the deferred purchase price. Not only is such a purchaser estopped by the creation of the mortgage, but the final words of section 1405 must be held to cover the case, namely, that the "stipulation" referred to has been created. The vendor has then agreed to pay notwithstanding the mortgage, indeed, by reason of it, and the mortgagee has a clear right to proceed under his mortgage. The rights of such mortgagee and vendee are transmissible and the assignee buying the mortgage credit has, if anything, greater rights than the original mortgagee, as the former buys the mortgage credit from the recorded owner of such mortgage right. I see absolutely no legal possibility for a man who voluntarily executes a mortgage to cover the deferred purchase money, to escape payment by invoking section 1405. Such mortgagor is then going even a step further than he would be if he refused to pay the purchase price. It is essentially no different than if a purchaser sought to escape paying his own vendor the deferred purchase price by invoking said section, merely because the vendor threatened suit.